United States v. Morgan. I'll give you a chance to come up. Ms. DeLong? May it please the Court, my name is Catherine DeLong and I represent the appellant Mr. Kent Morgan. I'd like to reserve two minutes for rebuttal. After his arrest, Mr. Morgan was indicted on a single count. He was then tried and convicted on that count. This closed his original jeopardy. When Mr. Morgan was forced to once again go to trial on the same crime, on the same indictment, his double jeopardy rights were violated under the Fifth Amendment. Can you address the consent or waiver argument? Let's assume that we agree with you on that point. Can you address why his counsel didn't waive any objection? Mr. Morgan was convicted of his second trial. That waiver was ineffective for two reasons. First, the harm that was done to Mr. Morgan was, in part, being submitted once again to jeopardy. So the trial itself was a violation of his rights. So a waiver partway through on its face appears ineffective. Second, under Brady, a waiver of an amendment needs to be knowing and intelligent and voluntary with full awareness of the consequences. But didn't he consent? Didn't the lawyer consent to the second prosecution when, first of all, he took the mistrial? He didn't insist that the jury kept deliberating. And then when the court said, and we'll allow the government to retry him again, didn't the lawyer then consent? I mean, you're saying that the prosecution itself violated his double jeopardy rights. But didn't he consent? Didn't the lawyer consent to the government embarking on a second trial? Prior to the jury verdict, Mr. Morgan's counsel twice stated that he wished the jury to continue deliberating and that when the court pressed him again about what would happen next, he asked for a people-of-view prime instruction, which on the facts are— Ms. Kamal. Yes. Is the right against double jeopardy a fundamental right that a defendant must waive himself? Or is it a right that can be waived by his counsel as a tactical matter? And do you have any case law that would support your answer? Your Honor, I think all of the case law that would support my answer would be every time that a different constitutional right has come up that it's been required that it be the counsel itself—I mean, it be the defendant himself that presents it. I also believe that there's a lot of mistrial jurisprudence around how the double jeopardy right doesn't need to be invoked specifically in order to preserve that right, which would indicate by negative implication that if there is going to be a waiver, it should be something clearly on the record. In other words, what you are saying is there is no case law that has a specific answer to my question. To double jeopardy specifically? Yes, Your Honor. Because we have really searched. Now, you do concede that Mr. Morgan waived the double jeopardy issue before the second trial. Am I correct? No, Your Honor. Mr. Morgan never waived his double jeopardy rights. Not before the second trial? No. Mr. Morgan's—after the jury delivered the verdict on the lesser included count and the court set it down on the record, there was a conviction, and there was—so there's two ways that there could have been a mistrial, either by manifest necessity or consent. I don't think manifest necessity is possible here because there was—manifest necessity under Arizona v. Washington is the trial judge's belief that the jury is unable to reach a verdict, and that interrupts the trial proceedings. Here, the trial judge specifically changed the jury verdict form so that the jury could reach a verdict. So the trial judge had an understanding that the jury could reach a In fact, he concluded the trial proceedings. So that—the only way there could have been a mistrial here is by a consent after a complete verdict, and Mr. Morgan's counsel was completely silent after the verdict was issued. He offered no opinion either way, and this court looks—for mistrial by consent, this court looks as to whether or not the defendant receives any benefit by the consent. So if the—in prior cases, there was like an opportune juncture for a plea agreement, the defense counsel didn't say anything but clearly was intending to renegotiate a plea agreement. This court has held that that counts as consent. On the other hand, when the case is going the defendant's way, making a sent improbable, that doesn't count as a sent. Here, Mr. Morgan had no benefit whatsoever from receiving the second trial. He gained nothing and he lost everything. So there's no consent by silence. Counsel, was it error for the judge to then send in the new verdict form in the first place? No, Your Honor. It was not—it was not error. Other circuit courts have held that it's—that the lesser included count without a decision on the greater. So— Didn't the original verdict form already read that way? No, the original verdict form coupled both the finding of an acquittal and the—on the greater charge with the conviction on the lesser charge. So the jury had to unanimously agree on the greater charge, that they all agreed to acquit on the greater charge and convict on the lesser charge in order to turn that jury verdict form back in. The new jury verdict form was a non-decision on the greater charge and simply a conviction on the lesser charge. So under the Blackberger test, the conviction for—on the lesser charge is the same as the conviction on the greater charge for the purposes of double jeopardy. But when he consented to the new verdict form then, if that were—if he had a right to do that and that was permissible for the judge to send back in the new form, is that then not waiving, you know, the—didn't he then waive it by saying, okay, I'll take a mistrial on the first one and then the court says, and the government's going to get a second bite at the apple on that one? That's not the consent or waiver? I don't believe so. When a jury returns a verdict back on second-degree murder and doesn't return a verdict on first-degree murder, that doesn't automatically preserve the rights of the government to try for first-degree murder in the second— But that's a chance. But those cases are a little bit different, right, when there are two counts? I think that the—so, counts are difficult because generally you can only have one count at the end of the—at the end of the trial, you can only have one of those counts. So he either would have been tried on second-degree or first-degree. But it's an implicit acquittal under those cases. Right. It would still be—yes. And so, at the end of the day, that there would have only been one count left standing in a murder trial. And at the end of the day, there's only one count left standing in this trial. So they're actually the same. But it's just such a weird situation, right? The mistrial thing on the intent to distribute. Yes, I think hung trials in general are a unique situation, and a hung trial on part of a count is also a unique situation. Yes. But that doesn't change the fact that Mr. Morgan's conviction was upheld and that he was still forced once again to go to trial on the same conviction. Do you want to reserve your time? Yes. For rebuttal, I mean. Thank you. Hmm. Mr. McMyer? Thank you, Your Honor. May it please the Court? Counsel. My name is Douglas McMyer, and I represent the appellee in this case, the United States of America. Mr. Morgan was subject to— I'd like to start right off. Is the right against double jeopardy a fundamental right that the defendant must waive himself, or is it a right that can be waived by his counsel as a tactical matter? And what is the evidence of your answer? Thank you, Judge Rovner. The right to the protection against double jeopardy is a right that's enshrined in the Fifth Amendment of the Constitution. It is, however, a right that the courts have recognized can be waived by counsel. In fact, I believe it was the case of Escobar v. O'Leary, Seventh Circuit, 1991, where consent to mistrial allowed the retrial. That was also made reference by the Supreme Court in Green, where the court made explicit that the fact that there had not been consent to the retrial meant that double jeopardy was implicated. Was it after this case that Judge Mim never announced a mistrial? Your Honor, I believe that Judge Mim did announce that there was going to be a mistrial. He didn't use the expressed word mistrial in his ruling. Then how do you announce that there's going to be a mistrial if you don't use the word mistrial? It's a fair question. The courts have held that there's no magic language that has to be used. In this case, Judge Mim pulled the jury when they came back in to ensure that they had, in fact, hung on the greater offense. He went ahead and entered with the consent of the defendant, the verdict on the lesser included offense, and then proceeded immediately thereafter to schedule the retrial of the greater offense. So the problem then was that counsel didn't object? There is no problem. Let's go back to first principles. Double jeopardy is not implicated by this case. The government is and always has been the master of the charges, and the government is entitled to have the charges that it brings resolved in a full and final verdict, up or down. The terms trial and jeopardy are not synonymous. The Supreme Court has been clear going back to the 1800s that simply because a trial ends does not mean jeopardy ends, whereas in this case, the jury hung on the greater included offense. Double jeopardy is not implicated because double jeopardy implies the complete close of the first trial, the complete cessation of jeopardy, and then the resumption of jeopardy in a second trial. So, for instance, in— But there was a—I mean, I think there was a verdict that was on the possession charge. It did come to a close. And, in fact, in the next trial, possession was still in the mix, and Judge Mims said, well, I'm not going to sentence him twice, but, you know, also that conviction is not going anywhere. Your Honor, the jury did rule on the possession of the lesser included offense. It did not rule on the greater included offense of possession with intent to distribute. The government— Is it liable for a judge to go through the motions of trying a defendant on what is, for all intents and purposes, a sham charge, in this case simple possession, when the court has no intention of honoring the verdict one way or another? I have been trying to figure out what went on here. In this case, Judge Rovner, it is appropriate, and if you'll allow me to explain why. The second trial was only on the question of whether or not there— the offense of whether or not there was possession with the intent to distribute. The lesser included offense was presented to the jury in the second trial at the request of the defendant for the expressed reason that he wanted to have the opportunity to have a jury return the verdict as they did in the first case on the lesser included and not the greater. So it was the defendant's request that the lesser included offense be presented to the jury. It was not the request of the government. It was not the request of Judge Mim. However, he had the right to do that. Judge Mim recognized that. And when he brought up he wanted the lesser included offense presented to the jury, Judge Mim directed the government to make sure that the jury instructions were prepared for that and then also again raised the issue with defense counsel saying, okay, well, now if we're going to present this, this lesser included, at your request, you need to make sure that you're clear on the fact that this doesn't raise a double jeopardy issue. And so that's where it came up. So it's perfectly appropriate in this particular case to have that lesser included presented to the jury, even though the jury's ruling on that particular offense would have been said to be a nullity. Sotomayor? So it's your view that double jeopardy is a tactical right which can be waived by the defendant's attorney. It is not, in your view, a fundamental right which can be waived by the defendant. Yes, Your Honor. And let me go back to something that counsel said a moment ago. She said that if you're going to look at these issues, there has to be a benefit to the waiver. There has to be a benefit to agreeing to the mistrial. Well, in this particular case, the benefit is apparent on the record because at the end of the first trial, Judge Mims set the date for the second trial. But at the same time, he set that in the context of saying, you, the government, need to choose whether or not you're going to invest the time to try him a second time on the greater included offense. So there was the opportunity for the government to say, you know what? We've got him on the lesser. It's not worth the time and resources to go after him for the greater included offense. There was, in fact, a tactical advantage that's apparent in the record for why you would agree to the mistrial in this case. Can you isolate the time at which his counsel, assuming that counsel could waive the right, actually waived the right? To the mistrial, Your Honor? Well, waived his double jeopardy right. Well, again, going back, I don't believe double jeopardy is indicated. Okay. Assuming it was, there were several places where he did it. Initially, when Judge Mims stated that we're going to send the jury back to continue deliberating and around 4 o'clock, if they don't have a verdict, we're going to send a question to them and see where they are and see if they think it's worth continuing deliberating. At that point, Mr. Morgan's counsel agreed to that course of conduct. And so that would be the point at which Mr. Morgan had agreed to the course that was laid out by the court and the potential of mistrial. And then that waiver was compounded again when the jury came back saying it was unanimously deadlocked. And that waiver was compounded again when Judge Mims pulled the jury and received affirmation that they were deadlocked on the greater included defense. And that was compounded again when Judge Mims set the second trial. And it was compounded again when Mr. Morgan's counsel had a psychological exam between the first and second trial, et cetera. So he consented at that point. Everything else you're describing when you say it was compounded again, compounded again, was he didn't affirmatively do anything. He didn't object. But you're saying that he affirmatively consented when he agreed that the judge could declare a mistrial on the intent count. Yes, Your Honor. And in fact, the appellant's reply brief uses the word acquiesced and accepted and agreed at least three times to the fact that he agreed to the second trial. Now they tried to make a distinction saying that, well, he only agreed out of comedy to the court, out of respect to the court. I don't know that that matters. The fact is that he agreed. And as counsel, we are quite. Yeah, but we're still left with the basic question that the Supreme Court has not answered. And that is whether or not, you know, is this tactful or is it fundamental? We're still left with that question, it seems to me. You are correct, Judge Rovner, in the fact that they have not specifically addressed it, that question on the merits. But I think that the cases, Green and Price, where the issue of consent was both raised and noted that there was no consent, addressed those issues. You know, and I also think it's instructive to look at this court's opinion in U.S. v. Balin from 1992. In that case, the court rejected the idea that there was a double jeopardy violation. When the defendant was recharged on the greater included offenses and argued that he had affirmatively been acquitted of lesser offenses, which were necessities to the greater offenses on which he was being recharged. And this court said double jeopardy is not implicated in that case. You know, I think it's also interesting, the Supreme Court's new opinion in Bluford v. Arkansas, I guess I shouldn't call it a new case, it's from 2012. But the question was raised, I believe, by you, Judge Barrett, about implicit acquittal. And that case is very interesting because in that particular instance, the majority of the court seemed to undermine the idea that implicit acquittal was still something that was... The thing? The thing, yeah, thank you. And so in that particular instance, you know, too, the court noted that even when the jury was silent on the greater offenses, that was not a bar to double jeopardy and the person could be retried in that particular case. And I see my time is expiring. If there are no further questions, I will submit to the court. Thank you, counsel. Thank you. Ms. DeLong, rebuttal. Your Honors, it is undisputed that if Mr. Morgan had been charged with simple possession in the first instance, the court, and convicted on that count, he would be unable to be charged with possession with the intent to distribute, regardless of the fact that the government chose not to... never had the opportunity to prosecute on that offense. The conviction totally bars retrial. The case cited by counsel, Bluford v. Arkansas, actually supports this point. Green and Price support this point. The jury speaks through the verdict, and when the jury does not speak through a verdict, that is completely disregarded, whether it's an implied acquittal or whether it's a retrial because the jury never spoke through a verdict. Did you just say, because I'm having a little difficulty hearing, did you just say that Green and Price help you? Absolutely, Your Honor. And Escobar? Yes, I believe counsel was perhaps mistaken on the finding. Escobar, they found that there was no consent by the defendant, and the defendant also asked for people to be put on instruction and also asked for continued deliberations, exactly the same as my client. And even though it hasn't been decided whether or not double jeopardy rights are fundamental, it definitely should be fundamental. The whole purpose of double jeopardy is to prevent repeated prosecution when the government doesn't have enough evidence to support the first finding of guilt. So in this situation, the government could simply rest knowing that they could have the lesser offense, explore to see what the defendant's defense is going to be on the greater charge, and then retry coming back with perhaps impermissible evidence in order to reach out to the defendant in a manner that is unacceptable for our court system. Thank you, counsel. Your time has expired.